

U.S. Department of Justice
United States Attorney
District of Massachusetts

Main Reception: (617) 748-3100

United States Courthouse, Suite 9200
1 Courthouse Way
Boston, Massachusetts 02210

19 April 2006

Honorable Nathaniel M. Gorton
United States District Court
District of Massachusetts
John Joseph Moakley U.S. Courthouse
1 Courthouse Way
Boston, MA 02210

Re: <u>United States v. Julio Santiago, et al.</u>
    04-10336-NMG

Dear Judge Gorton:

Pursuant to this Court's directive on March 23, 2006, the government submits its proposed grouping of defendants should severance be ordered for trial purposes.

At the outset, the government objects to severance of the defendants because their criminal conduct is so intertwined and interrelated. Rule 9(b) of the Federal Rules of Criminal Procedure permits the joinder of two or more defendants "if the charges against them arise out of the same criminal conduct or episode or out of a course of criminal conduct or series of criminal episodes so connected as to constitute parts of a single scheme, plan, conspiracy or joint enterprise." The Rule is "generously construed in favor of joinder." <u>United States v. Randazzo</u>, 80 F.3d 623, 627 (1st Cir. 1996).

Trial in this case is expected to last approximately three weeks. The government submits that this extensive drug conspiracy, which involves all defendants at various levels in the distribution scheme, should only be tried once for obvious considerations of judicial economy. Nevertheless, should the Court be inclined to order severance, the government proposes that the defendants be sorted in the following groups for the purpose of trial.

**Group One**

Reynaldo Rivera, Zuleima Reyes, Santiago Arroyo, and Jose Torrado. Rivera received distribution amounts of heroin directly

from Julio Santiago. Rivera was intercepted discussing narcotics distribution with Santiago on numerous occasions. Rivera also arranged the sale of heroin to an undercover agent on five occasions in December 2003 and January 2004 with the assistance of Reyes and Arroyo, who acted as his "runners" or delivery people. In essence, the undercover agent would order the heroin from Rivera (sometimes through Reyes) over the telephone and Reyes (or Arroyo on one occasion) would deliver the contraband to the agent. To the government's knowledge, Reyes was only intercepted over Rivera's telephone (and not over Santiago's various phones). Arroyo similarly was not intercepted over Santiago's phone. Rivera, Reyes, and Arroyo are therefore inextricably linked in terms of the proof that the government will offer against them at trial. Torrado was a customer of Santiago's who also associated in the drug trade with Rivera. Torrado was intercepted discussing narcotics-related activity mainly with Santiago, but at times with Rivera. The remaining defendants (below) dealt primarily with Santiago. Presently, Torrado and Arroyo have expressed an interest in pleading guilty.

**Group Two**

Julio Santiago, Juan Nunez, Jose Rodriguez, Carlos Sanchez, Luis Sanchez, Pedro Miranda, Edwin Torrez, and Enrique Agosto. Julio Santiago headed the distribution operation in Greater Leominster / Lowell areas. He purchased 1/2 kilogram amounts of heroin from his New York based supplier, Juan Nunez, on three occasions during the wiretap investigation. In fact, physical surveillance confirmed Santiago's receipt of 500 grams of heroin from Nunez at the conclusion of the investigation on October 15, 2004. After receiving the heroin from Nunez, Santiago was stopped and arrested. Nunez was arrested that same date. Nunez was also intercepted speaking to Santiago over the telephone (but not Rivera's). The remaining defendants were direct customers of Santiago's who were intercepted over five telephones ordering heroin from Santiago and discussing other narcotics-related subjects, such as payment for drugs received or the presence of police officers detected during counter surveillance. Physical surveillance, and on occasion drug seizures, also tied these remaining defendants to Santiago and his distribution operation.

    For these reasons, the government respectfully requests that all defendants stand trial together, or, in the alternative, in

the segregated units set forth above.

                                      Very truly yours,

                                      MICHAEL J. SULLIVAN
                                      United States Attorney

By:   _____
        WILLIAM F. BLOOMER
        Assistant U.S. Attorney
        (617) 748-3644

cc:   Counsel of Record