UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES

V.                                              CR. NO. 04-CR-10336-NMG

SANTIAGO ARROYO

DEFENDANT'S SENTENCING MEMORANDUM

Defendant Santiago Arroyo, by his attorney, submits the following memorandum in support of his request that he be sentenced to time served, three years supervised released, and no fine based on his indigency.1

Mr. Arroyo submits that as the least culpable person charged in this conspiracy, whose only involvement was to deliver drugs on December 10, 2003, he should receive a mitigating role adjustment of two levels per §3B1.2(a) as a minor participant.

Application note 3(A) makes clear that this mitigating role adjustment is properly applied to Mr. Arroyo. "A defendant who is accountable under §1B1.3 only for the conduct in which the defendant personally was involved and who performs a limited function in concerted criminal activity is not precluded from consideration for an adjustment under this guideline.  For example, a defendant who is convicted of a drug trafficking offense, whose role in that offense was limited to transporting or storing drugs and who is accountable under §1B1.3 only for the quantity of drugs the defendant personally transported or stored is not precluded from consideration for an adjustment under this guideline."  This is exactly Mr. Arroyo's position.  The probation office rejected Mr. Arroyo's assertion that he receive this reduction, for the reason that he is being held accountable only for the drugs involved on December 10, 2003.  As note 3(A) explains, he is not disqualified for the reduction on this basis.  There can be no claim that Mr. Arroyo is anything but the least culpable

---

1 Mr. Santiago is expected to satisfy criterion 5 of §5C1.2(a), the safety valve, prior to sentencing on January 10, 2007.  The memorandum assumes Mr. Santiago qualifies for safety valve reductions.

person in this conspiracy. He should be deemed a minor participant and his offense level decreased by 2 levels.

The advisory guideline sentencing range, assuming a minor role adjustment is based on offense level 8, 0-6 months.

The advisory guideline sentencing range, if Mr. Arroyo does not receive the mitigating role adjustment is based on offense level 10, 6-12 months.

Mr. Arroyo has spent almost five months in pre-trial detention.2

Additionally, Mr. Arroyo was required to reside at Coolidge House as a condition of pre-trial release from 7/6/05 to 2/13/06. While ordinarily pre-trial release conditions are not considered by a sentencing court when determining the appropriate sentence, Mr. Arroyo presents the exception to the rule. Mr. Arroyo would have enjoyed "full" pre-trial release, subject to the standard conditions, if he had been able to secure a suitable residence. He was not. He was unable to reside with family members in Massachusetts because each person presented with some factor which disqualified them from being an appropriate person or place for Mr. Arroyo to reside. Mindful that Mr. Arroyo qualified for release, but unable to permit release to a family residence in Massachusetts, the Magistrate Judge struck a compromise by permitting release conditioned upon Mr. Arroyo residing in Coolidge House. He abided by rules, regulations, and liberty restrictions different from ordinary pre-trial release, even home confinement. He remained at Coolidge House for almost 7 months until he was able to move to Schenectady, New York and reside with his wife. Mr. Arroyo submits that these 7 months of quasi incarceration/detention should be factored by the court under 18 U.S.C. §3553(a).

If Mr. Arroyo's offense level is 8, then this Court should sentence him to time served as a sentence within the advisory guideline range.

If Mr. Arroyo's offense level is 10, then this Court should sentence him to time served as a reasonable variance from the 6 month low end advisory guideline sentence. A sentence of time

---

2 6/2/05 – 7/6/05, 1 month c. 5 days;   9/27/06-1/10/07, 3 months, c. 14 days

served is warranted giving consideration for his minor role in the offense and his being the least culpable person in the charged conspiracy. A sentence of time served is consonant with every factor set forth in §3553(a).

                                                  SANTIAGO ARROYO
                                                  By his attorney,

                                                  /s/ Elliot M. Weinstein
                                                  Elliot M. Weinstein
                                                  BBO #520400
                                                  83 Atlantic Avenue
                                                  Boston, MA 02110
                                                  617-367-9334

January 5, 2007